Andrew M. Ellis
State Bar of Arizona No. 018326
**ANDREW M. ELLIS LAW, PLLC**
PO Box 16272
Phoenix, AZ 85011-6272
(602) 524-8911
Andrew.Ellis@azbar.org
*Attorney for Debtors*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 11 |
| STEVE PANDI and EILEEN A QUEZADA, | Case No. 2:16-bk-11585-SHG |
| Debtors. | **OBJECTION TO US TRUSTEE'S MOTION TO CONVERT OR DISMISS and JOINDERS THERETO** |

The Debtors, through counsel undersigned, respectfully objects to the US Trustee's Motion to Convert or Dismiss and Joinders filed thereto. This Objection is supported by the Memorandum of Points and Authorities which is attached hereto and incorporated herein by this reference.

DATED: March 29, 2017.

                                          /s/ AME018326
                                          Andrew M. Ellis
                                          *Attorney for Debtors*

## MEMORANDUM OF POINTS AND AUTHORITIES

*US Trustee's Motion to Convert or Dismiss*

1. On March 24, 2017, the Debtors filed an amended October 2016 monthly operating report and monthly operating reports for December 2016, January 2017, and February 2017.

2. According to the Debtors' records, they paid the quarterly fee for the 4th quarter 2016 with check no. 389 in the amount of $325.00 dated 01/30/2017. According to their records, the check cleared their account on 02/22/2017.

3. Although the Debtors sold their rental property in Las Vegas, Nevada, the Debtors have a lease agreement with the purchasers which allows them to continue using that property. As shown in their monthly operating reports, the Debtors maintain the Las Vegas property, which continues to generate rental income. The Debtors still own the property in Glendale, Arizona, and it too continues to generate rental income. Therefore, there has been no substantial loss to or diminution of the bankruptcy estate and there remains a reasonable likelihood of rehabilitation within the meaning of 11 U.S.C. § 1112(b)(4)(A).

*Arizona Department of Revenue's Joinder*

4. The Debtors owned and previously operated Jumpin Jammerz, LLC (the "Business"). On April 19, 2011, Merchant Capital Source LLC filed a UCC Financing Statement with the Arizona Secretary of State, document no. 2011-16520938, which lists the Business as the debtor. On May 21, 2014, George Pandi filed a UCC Financing Statement with the Arizona Secretary of State, document no. 2014-001-6561-2, which lists the Business and Steve Pandi as debtors. In February 2016, Merchant Capital Source LLC agreed to assign its lien and claim to George Pandi for approximately $25,000. In April 2016, George Pandi foreclosed its liens against the assets of the Business in full satisfaction of the debt owed by the Business.[1] The Debtors do not believe that George Pandi's lien foreclosure of the Business' assets constitutes a preference under 11 U.S.C. § 547 and/or a

---

[1] See Initial Periodic Report, Doc 106, page 36.

fraudulent transfer under 11 U.S.C. § 548 in this case. Any failure to disclose the 05/21/2014 UCC Financing Statement and lien foreclosure in the Debtors' Statement of Financial Affairs was inadvertent and not intentional.

5. The Debtors have been working to ensure all required tax returns have been completed and filed. Because the Debtors still derive income from two rental properties and their on-line business, they believe there is sufficient income to propose a feasible Plan of Reorganization.

6. The Debtors did not take draws from Jumpin Jammerz, LLC totaling $378,224.97 for the period of December 1, 2015 through July 31, 2016, and did not take draws from Aww So Cute, Inc. totaling $23,359.43 for the period of December 1, 2015 through July 31, 2016. The Statement of Changes in Equity, often referred to as a Statement of Retained Earnings in U.S. GAAP, details the change in owners' equity over an accounting period by presenting the movement in reserves comprising the shareholders' equity. Movement in shareholders' equity over an accounting period comprises the following elements:

    a. Net profit or loss during the accounting period attributable to shareholders

    b. Increase or decrease in share capital reserves

    c. Dividend payments to shareholders

    d. Gains and losses recognized directly in equity

    e. Effect of changes in accounting policies; or

    f. Effect of correction of prior period error.

According to the Debtors' certified public accountant (CPA), the $378,224.97 which appears on the Statement of Changes in Equity from 12/31/15 to 07/31/16[2] is comprised of net draws of $136,758.58 to the Debtors and a variety of accounting entries to close out various balance sheet accounts to the Debtors' draw account, totaling $514,983.55, which also includes the AwwSoCute and George Pandi loans, because they will never be paid back; *see, e.g.*, the Business lien foreclosure discussion, *supra*. The same can be said about

---

[2] Initial Periodic Report, Doc 106, page 33.

the $23,359.43 which appears on the Statement of Changes in Equity for Aww So Cute, Inc.

7. The Debtors did not list Aww So Cute, Inc. ("ASC Inc.") within their schedules because, on the date of filing, the business was not operating and not in good standing with the State of Nevada. However, the Debtors listed ASC, Inc on their Statement of Financial Affairs because the business had operating during the four-year period pre-petition.

8. The Debtors disclosed that Jumpin Jammerz LLC held inventory valued at $413,725.00 as of December 31, 2015. Jumpin Jammerz LLC continued selling, but did not replenish, its inventory after December 31, 2015. It was still in a chapter 11 bankruptcy case, and business was not thriving. In early 2016, Jumpin Jammerz LLC was evicted from its warehouse. It had to transfer its entire operations, including inventory, to a new location. During the transfer, 10% of the inventory was lost or damaged. There were many factors which diminished the value of the inventory when George Pandi foreclosed his liens against the assets of Jumpin Jammerz LLC: expired licenses, which prohibited the sale of some items; faulty or defective items (e.g., zippers that snap or fall off); and incomplete stock (e.g., size XL in pink only).

9. When Jumpin Jammerz LLC was formed, George and Efrosini Pandi each held a 5% interest. They have always held that interest. Failure to list their interest in this bankruptcy case was not intentional; it was an oversight. However, George and Efrosini Pandi have never received any distributions, compensation or draws from Jumpin Jammerz LLC. As reflected in the Debtors' tax returns, Jumpin Jammerz, LLC has always been treated as a sole proprietorship.

10. Merchant Capital Source LLC had a lien against the accounts receivable, other accounts, chattel paper, documents, equipment, fixtures, general intangibles, instruments, inventory, and investment property of Jumpin Jammerz LLC. Jumpin Jammerz, LLC agreed to purchase domain name pajama.com for $150,000 several years ago from a French seller. Jumpin Jammerz LLC had paid about 60% of the purchase price

when it filed its voluntary petition in 2015. In early 2016, Merchant Capital Source LLC assigned its lien and claim to George Pandi. Jumpin Jammerz LLC still owns pajama.com, but its value has diminished to less than $2,000.00. The copyrighted pajama designs were some trademarked designs and logos for the Jumpin Jammerz pajamas. Since the value of the company has fallen, the value of the designs and logos have also fallen substantially. When George Pandi foreclosed his liens in April 2016, he took control of the pajama designs and logos.

11. Steve Pandi was the sole shareholder of Aww So Cute, Inc., a Nevada corporation. The assets of Aww So Cute, Inc. were encumbered by liens. The Debtors made all the required disclosures about Aww So Cute, Inc. in the initial periodic report.

12. As discussed above, Jumpin Jammerz LLC owed George Pandi money. After purchasing the security interest of Merchant Capital Source LLC, George Pandi had liens against <u>all</u> the assets of Jumpin Jammerz LLC. The letter from the attorney for George Pandi *to Jumpin Jammerz LLC* dated April 6, 2016 indicates that George Pandi gave notice to accept the pledged collateral *of Jumpin Jammerz LLC* as "full payment and satisfaction of the debt" owed by *Jumpin Jammerz LLC*. After the foreclosure, Jumpin Jammerz LLC owed George Pandi nothing. The accountant made appropriate adjustments to the balance sheet and other financial reports to reflect the satisfied debt (See Doc 106).

13. George and/or Efrosini Pandi filed a secured claim against the estate (Claim 17). A claim or interest is deemed allowed unless a party in interest objects. 11 U.S.C. § 502. Therefore, it appears that George and/or Efrosini Pandi have a secured claim against the estate.

14. The initial periodic report (Doc 106) does <u>not</u> state that the Debtors sold Jumpin Jammerz LLC for the sum of $413,115.99. Per their CPA, that amount was listed as an expense to write off the assets on the balance sheet:

| Inventory | $413,725.00 |
| Fixed assets | $227,458.17 |
| Accumulated depreciation | -$227,458.17 |

| Cash – Paypal | $51.86 |
|---|---|
| Cash overdraft – BOA | -$660.87 |
| TOTAL | $413,115.99 |

15. The Debtors initially listed a potential claim against Allen D. Butler for negligence and professional negligence on Schedule B. Mr. Butler also held a deed of trust against the Las Vegas rental property. When the Las Vegas property was sold, Mr. Butler and the Debtors settled all claims they had or may have had against each other.

*Joinder by SAMT 2009, LLC, Ross Family Holdings, LLC and Entrepreneur Opportunity Fund I, LP*

16. All required operating reports have been filed. Since December 2016, the operating reports show positive net income.

17. Allegations of fraudulent transfers alone are not a basis for dismissing or converting a case. The creditors allege, but have not proven, fraudulent transfers by the Debtors. Culver City Properties LLC did not allege a fraudulent transfer by the Debtors. Culver City Properties LLC alleged, but did not prove, a fraudulent transfer by 21229 N 52nd Avenue LLC. The Arizona Department of Revenue, alleges, but has not proven, fraudulent conveyances by the Debtors.

18. Within one year prior to filing the case, the Debtors did <u>not</u> make withdrawals of $1.8 million in July 2016 and $2.2 million in December 2015. The creditors pulled those numbers from the balance sheets of Jumpin Jammerz LLC; see Initial Periodic Report, Doc 106 at pages 23 and 24. A balance sheet is a statement of the assets, liabilities, and capital of a business or other organization at a point in time, detailing the balance of income and expenditure over the applicable period. Per the Debtors' CPA, the amounts at issue represent the accumulated amounts <u>from the inception of Jumpin Jammerz in 2006 to date</u> of the net of a variety of ins and outs in the Debtors' draw account. While it is mostly draws or loans to the Debtors, there are other items in it as well.

19. The monthly operating reports show income from both rental properties and the Debtors' on-line retail store. Therefore, there remains a reasonable likelihood of rehabilitation within the meaning of 11 U.S.C. § 1112(b)(4)(A).

WHEREFORE, for the foregoing reasons, the Debtors respectfully request that the US Trustee's Motion to Convert or Dismiss, and the Joinders thereto, be denied.

DATED: March 29, 2017.

/s/ AME018326
Andrew M. Ellis
*Attorney for Debtors*

ORIGINAL filed electronically with the United States Bankruptcy Court, District of Arizona, on March 29, 2017 and a copy e-mailed or mailed this same day to:

Christopher J. Pattock
Office of the US Trustee
230 N 1st Ave Ste 204
Phoenix AZ 85003
Christopher.J.Pattock@usdoj.gov

Christopher J. Dylla
Assistant Attorney General
Office of the Attorney General
1275 West Washington Street
Phoenix, Arizona 85007-2926
christopher.dylla@azag.gov
Attorney for the State of Arizona
    *ex rel.* Arizona Department of Revenue

Entrepreneur Opportunity Fund I LP
Ross Family Holdings LLC
SAMT 2009 LLC
℅ Goldman & Zwillinger PLLC
17851 N 85th St Ste 175
Scottsdale AZ 85255
docket@gzlawoffice.com
cgoldman@gzlawoffice.com
jbrown@gzlawoffice.com
dhorsman@gzlawoffice.com

/s/ Andrew M. Ellis