Carolyn Goldman (016440)
Vincent R. Mayr (013954)
**GOLDMAN & ZWILLINGER PLLC**
17851 North 85th Street, Suite 175
Scottsdale, AZ 85255
Main:           (480) 626-8483
Facsimile:   (480) 502-7500
Email: *docket@gzlawoffice.com*
*Attorney for Creditors SAMT 2009 LLC,*
*Ross Family Holdings, LLC and*
*Entrepreneur Opportunity Fund I, LP*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>STEVE PANDI and EILEEN A QUEZADA,<br><br>Debtors. | (In Proceedings under Chapter 7)<br><br>Case No.: 2:16-bk-11585-SHG<br><br>**OBJECTION TO PROOF OF CLAIM NO. 17 FILED BY GEORGE PANDI AND NOTICE OF BAR DATE TO RESPOND TO OBJECTION** |

*<u>NOTICE IS HEREBY GIVEN AS FOLLOWS:</u>*

*<u>(1) Claimant George Pandi has fourteen (14) days from service of this Objection to file and serve a response to this objection and (2) if a timely response is not filed and served, the objection may be sustained by the court without further notice or hearing and (3) should</u>*

*<u>no timely response be filed and served, Objectors will request that, of the alternative forms of relief requested below, that the First Basis be sustained.</u>*

Come Now, SAMT 2009, LLC, Ross Family Holdings, LLC and Entrepreneur Opportunity Fund I, LP ("Creditors"), by and through their counsel undersigned, and hereby Object to Proof of Claim No. 17 filed by George Pandi on February 13, 2017. This Objection is filed in accordance with Rule 3007-1, Local Rules of Bankruptcy Procedure for the District of Arizona, and 11 U.S.C. § 502.

There are multiple bases under 11 U.S.C. § 502 for this objection.

**1. First Basis.**

The claim of George Pandi should be disallowed, in toto, in accordance with 11 U.S.C. § 502(b)(1) because it is unenforceable as a result of lack of consideration. The claim asserts an original obligation in the amount of $463,751.84 as a result of a promissory note and deeds of trust executed on May 13, 2014. Creditors assert that there was no valid consideration given in exchange for the promissory note, and hence, there is no consideration for the debt, resulting in an unenforceable obligation.

**2. Second Basis.**

The claim of George Pandi should be disallowed, in toto, in accordance with 11 U.S.C. § 502(a)(1) because it has been satisfied. In April, 2016, attorney Donald W. Hudspeth issued a letter to debtor Steve Pandi, which included the following language: "Pursuant to A.R.S. § 47-9620 George Pandi hereby gives notice of his intent to accept said collateral as full payment and satisfaction of the debt." The notice was thereafter signed by Steve Pandi and became

effective, thereby satisfying the debt of $463,751.84. The debt was thereby extinguished and the note and deeds of trust are therefore unenforceable against the debtor. George Pandi should have released the Deeds of Trust and UCC filing allegedly securing this debt.

3. **Third Basis.**

The claim of George Pandi should be disallowed, in toto, in accordance with 11 U.S.C. § 502(d) because George Pandi is a transferee of a transfer avoidable under section 547 of this title. I.E., in April, 2016, less than one year prior to the filing of this bankruptcy on October 7, 2016, George Pandi, an insider, caused to be transferred to him, substantial inventory which was within the possession and control of the debtor. No appraisal of the seized ("transferred") inventory has been provided. Creditor estimated the value of said inventory at $80,000.00, but debtor has valued it as high as $351,000.00 in the past. Because this inventory, or its financial equivalent, is recoverable from George Pandi in accordance with 11 U.S.C. § 547, Claim No. 17 must be disallowed, in toto, in accordance with 11 U.S.C. § 502(d).

4. **Fourth Basis, partial release.**

If the Court does not see fit to grant a full denial of Claim No. 17 as requested in Bases 1, 2 or 3, then it should strike portions of the claim that are unsubstantiated, duplicative, or otherwise not legally allowable. The following discrepancies to the loan disbursements document are noted: (Please refer to Attachment 8 of Claim 17 which appears to be the alleged disbursements record, presumably to establish the original note amount of $463,751.84):

Page One of said Attachment 8

a. Shows two transactions with the same transaction ID# on July 25, 2013. I.E. transaction no. 22674 is assigned to a $40,000.00 wired amount to Souzou Industrial-China. It is also assigned to a $7,700.00 wired amount to Jumpin Jammerz L.L.C. Due to this blatant error, both amounts, totaling $47,700.00 should be disallowed.

b. Shows two transactions with the same transaction ID# on August 3, 2013. I.E. transaction no. 352384 is assigned to two $17,000.00 wired amounts to Jumpin Jammerz L.L.C. Accordingly, both amounts, totaling $34,000.00 should be disallowed.

c. Shows two transactions with the same transaction ID# on March 11, 2014. I.E. transaction ID # 309383 is assigned to a wired transaction in the amount of $6,000.00 to Entrepreneur Opportunity Funds. The same transaction ID # is assigned to a wired transaction in the amount of $2,100.00 to PLU Investment LLC. Accordingly, both amounts, totaling $8,100.00 should be disallowed.

Page 2 of said Attachment 8:

d. Shows a total of $34,500.00 in transactions between June 21, 2014 and September 15, 2016. These amounts were all allegedly disbursed AFTER the Notes and Deeds of Trust in the proof of claim. Each was executed on May 13, 2014 and included the following language on both deeds of trust: at Page 2, Item C.: "Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced

by a promissory note or notes reciting that they are secured by this Deed of Trust." A review of the proof of claim and all of its attachments does not reveal a promissory note issued after May 13, 2017. Accordingly, this $34,500.00 in disbursements cannot be attributed to this alleged secured claim, and therefore must be disallowed.

The total of all alleged disbursements on Attachment 8 (including the post May 13, 2017 disbursements, as well as the duplicative transactions set forth above) amounts to $404,684.78, not the note amount of $463,751.84. This is an excess amount of $59,067.06 which should be disallowed.

Accordingly, the amounts calculated as excess, duplicative, and errors amount to $183,367.06. As such, this amount should be deducted from the original note amount of $463,751.84, giving us a loan start amount of $280,384.78, which should reduce the claim accordingly.

Each of the above bases for this objection are independent, alternative bases for the court to disallow claim No. 17 of George Pandi, either in full, or in part, as described in Basis Four.

WHEREFORE, Objectors respectfully request that this Honorable Court rule in favor of them in regards to any one of the alternative forms of relief, and for such other relief as may be deemed just and necessary under the circumstances.

### ***NOTICE IS HEREBY GIVEN AS FOLLOWS:***

***(1) Claimant George Pandi has fourteen (14) days from service of this Objection to***

*file and serve a response to this objection and (2) if a timely response is not filed and served, the objection may be sustained by the court without further notice or hearing and (3) should no timely response be filed and served, Objectors will request that, of the alternative forms of relief requested below, that the First Basis be sustained.*

**DATED** this 19th day of July, 2017.

            **GOLDMAN & ZWILLINGER PLLC**

            */s/ Vincent R. Mayr*
            Carolyn Goldman
            Vincent R. Mayr
            17851 North 85th Street, Suite 175
            Scottsdale, AZ 85255
            *Attorneys for Creditors, SAMT 2009 LLC ("SAMT"),*
            *Ross Family Holdings, L.L.C ("Ross") and*
            *Entrepreneur Opportunity Fund I, LP ("EOF")*

## CERTIFICATE OF SERVICE

  I, hereby certify that on July 19, 2017, I electronically transmitted the foregoing Objection to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the registrants below. In cases where no email address is provided, a full copy of this Objection, Notice of Bar Date to Object Thereto, and this Certificate of Service (all included within this one document) was mailed either by first class, U.S. Mail, or by First Class International Mail (in the case of Canadian addresses):

George Pandi
1 Somerset Crescent
Richmond Hill, ON L4C 8N2
Canada
*Claimant*
Full Document mailed by international mail AND sent via email this date to:
*politis40@hotmail.com*

6
Case 2:16-bk-11585-SHG    Doc 193    Filed 07/19/17    Entered 07/19/17 11:19:52    Desc
Main Document    Page 6 of 7

Carolyn R. Tatkin
RADIX LAW, PLC
15205 N. Kierland Blvd.,
Suite 200
Scottsdale, AZ 85254
*Attorney for Debtors*
*tatkin@radixlaw.com*

Steve Pandi
Eileen A. Quezada
6940 W. Voltaire Ave
Peoria, AZ 85381-5057
*Debtors*

Christopher J. Pattock
OFFICE OF THE U.S. TRUSTEE
230 North First Avenue, Suite #204
Phoenix, AZ 85003-1706
*Christopher.J.Pattock@usdoj.gov*

Eric M. Haley
2001 East Campbell Avenue,
Suite 101
Phoenix, ASZ 85016
*Chapter 7 Trustee*

Adam B. Nach
Stuart Bradley Rodgers
LANE & NACH PC
2001 East Campbell, Suite 103
Phoenix, AZ 85016
*Attorneys for Chapter 7 Trustee*
*Adam.nach@azbar.org*
*Stuart.rodgers@lane-nach.com*

*/s/ Jessica Frew*